**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| VANDAM PRESS, INC. | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | CASE NO. 26-7288 |
| | § | |
| MICHAEL DAWSON | § | |
| DEFENDANT | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

NOW COMES Vandam Press, Inc. and files this Original Complaint complaining of Michael Dawson ("Dawson"), and in support hereof respectfully shows the Court as follows:

**I.**
**PARTIES**

1. Plaintiff Vandam Press, Inc. is a Texas corporation, which may be contacted through the undersigned counsel.

2. Defendant Michael Dawson ("Dawson") is an individual residing at 6724 Bellaire Ave., North Hollywood, California 91606, who may be served at such address or wherever he may be found, and who has done business with Richard "Kinky" Friedman in the Western District of Texas.

**III.**
**JURISDICTION AND VENUE**

3. This Court has jurisdiction because Plaintiff seeks relief under 17 U.S.C. §501 et seq., which invokes the Court's federal question jurisdiction.

4. Venue is proper in the Western District of Texas because Defendant has engaged in business in the Western District of Texas, and has infringed the copyright of Plaintiff, which is based in the Western District of Texas.

## IV.
## Factual Background

5. By agreement dated July 3, 2000, as subsequently amended, Plaintiff became the owner of a variety of works associated with Richard "Kinky" Friedman. These works include "Greenwich Killing Time," "A Case of Lone Star," and "The Hard-Boiler Computer" (the "Works").

6. At all times relevant hereto, Plaintiff has been and still is the holder of the exclusive rights to the Works under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq., and all amendments thereto) (the "Copyright Act"), which includes all rights to reproduce, distribute, display, or license the Works throughout the United States.

7. Plaintiff has learned that Defendant, prior to the death of Mr. Friedman, engaged in a purported transaction with Mr. Friedman, pursuant to which he published an audiobook of "Greenwich Killing Time." Plaintiff has also discovered that Defendant currently has a listing on Audible for "A Case of Lonestar." These works are reflected on the website www.kinkyfriedman.com.

8. Friedman had no authority to transact business related to the Works, a fact which was brought to Dawson's attention. Nevertheless, Dawson has violated Plaintiff's copyright by publishing audiobooks and otherwise reproducing, distributing, and displaying the Works.

9. Defendant has not accounted to Plaintiff for any of the Works for which Plaintiff owns the copyright. On information and belief, Defendant has not accounted to Mr. Friedman or his estate.

## V.
## Causes of Action

### A. Copyright Infringement

10. Plaintiff repeats and realleges the facts and allegations contained in paragraphs 1 through 9 herein for all purposes.

11. The above-described contact by Defendant constitutes willful copyright infringement under the Copyright Act.

12. As a result of the above-described contact by Defendant, Plaintiff has been damaged in an amount to be proven at trial.

13. By reason of the copyright infringement, Plaintiff is entitled to recover all profits realized by Defendant, statutory penalties for each infringement, an injunction against Defendant, and attorneys' fees.

## VI.
## Conditions Precedent

14. All conditions precedent to recovery have occurred or have been performed.

## VII.
## Prayer for Relief

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer herein and that the Court enter judgment awarding Plaintiff all damages, including but not limited to actual, consequential, incidental, and statutory damages, to which Plaintiff may be entitled, injunctive relief against Defendant from further use of the Works, reasonable and necessary attorneys' fees, together with pre- and post-judgment interest at the maximum rate allowed by law; and the Court award Plaintiff such other and further relief, both general and special, at law or in equity, to which it may be justly entitled.

**PULMAN LEFLORE PULLEN & REED LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Ryan C. Reed*
Ryan C. Reed
Texas State Bar No. 24065957
rreed@pulmanlaw.com
**ATTORNEYS FOR PLAINTIFF**